IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RALPH A. BAWCOM, JR., | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:22-cv-00923 |
| DUSTY ROADES, et al., | ) JUDGE RICHARDSON |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ralph Bawcom, an inmate of the Williamson County Jail in Franklin, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), as well as a motion for appointment of counsel (Doc. No. 3) and an application for leave to proceed in forma pauperis (IFP) supported by a certified trust account statement. (Doc. Nos. 5, 6.)

The case is before the Court for ruling on Plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 5) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## INITIAL REVIEW OF THE COMPLAINT

I. LEGAL STANDARD

The Court is required to screen the Complaint in order to determine whether its claims are cognizable, or whether it (or any portion of it) must be dismissed because it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see id.* § 1915(e)(2)(B), 42 U.S.C. § 1997e(c).

---

civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

The review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). This review only assumes that the *facts* alleged in the Complaint are true; allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d

580, 583 (6th Cir. 2012). Thus, to state a cognizable Section 1983 claim, Plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

## II. ALLEGATIONS AND CLAIMS

Plaintiff sues Williamson County Sheriff Dusty Rhoades and two individuals employed at the Williamson County Jail—Lieutenant C. Youker and an unknown doctor—in both their personal and their official capacities (*see* Doc. No. 1 at 2–3), claiming a violation of his Eighth Amendment right to adequate medical treatment in regard to a hernia diagnosed in November 2022. (*Id.* at 3, 12.) Plaintiff alleges that after he requested to be seen on October 17 because he "was in pain and needed help," an ultrasound was performed on November 1, and he saw the doctor on November 3, 2022. (*Id.* at 12.) The doctor told him that "the county did not have the money to fix [his] hernia." (*Id.*) When Plaintiff grieved this outcome, Lt. Youker responded to his grievance by stating that "it was not life threatening so the jail would not pay" for surgery. (*Id.* at 7–8.) Plaintiff alleges that his hernia "gives [him] pain day and night" (*id.* at 7) and asserts that his injury in this action is the failure to order surgery "because the county financially could not pay to have it fixed." (*Id.* at 5, 13.) As relief, he seeks an order directing that his hernia be repaired, as well as an award of damages for pain and suffering. (*Id.* at 5.)

## III. ANALYSIS

The Eighth Amendment protects inmates from "cruel and unusual punishments," U.S. CONST. amend. VIII, a category which includes deliberate indifference to their serious medical needs while incarcerated. *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 591 (6th Cir. 2021) (citing *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018)). A deliberate-indifference claim has

an objective and a subjective component. "To meet the objective component, the plaintiff must show that the medical need is 'sufficiently serious,'" and "[t]o meet the subjective component, the plaintiff must show that 'an official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994)). The defendant official's subjective culpability is established by demonstrating that the official was both "aware of facts from which an inference of substantial risk of serious harm to inmate health or safety could be drawn," and that he "actually drew the inference." *Id.*

The Complaint's allegations establish, for purposes of initial review, that Plaintiff has been diagnosed with a hernia that produces pain "day and night," and which could be surgically repaired, but which Defendants have declined to repair on grounds that the cost of such a procedure to remedy a non-life-threatening condition is too great. The Complaint does not allege whether or not Plaintiff is receiving other, nonsurgical treatment for his hernia-related pain. At this initial stage of the proceedings, and liberally construing the Complaint in Plaintiff's favor, he has sufficiently alleged the denial, for a nonmedical reason, of treatment that would remedy his objectively serious medical condition, by Defendants (Youker and the unnamed doctor) who knew that condition to be painful. *See Delker v. Maass*, 843 F. Supp. 1390, 1399 (D. Or. 1994) (finding Eighth Amendment violation where inmate's hernia surgery was withheld for nonmedical reasons, despite fact that "plaintiff clearly suffered some degree of needless pain, anxiety, and restricted body function" due to unrepaired hernia; observing that "[w]here surgery is elective, prison officials may properly consider the costs and benefits of treatment in determining whether to authorize that surgery, but the words 'elective surgery' are not a talisman insulating prison officials from the reach of the Eighth Amendment" in every case).

Plaintiff has thus at least colorably claimed that the denial of hernia surgery amounts to "the unnecessary and wanton infliction of pain" that the Eighth Amendment forbids. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976). Further development of the facts may reveal that Plaintiff's hernia condition is not sufficiently serious to be of constitutional concern, or that nonsurgical treatment is appropriate as a matter of professional medical judgment, in addition to being cost-effective. *See Ocampo v. Noel*, No. CV 3:19-0091, 2022 WL 288188, at *9 (M.D. Pa. Jan. 31, 2022) (granting summary judgment to prison doctor accused of denying hernia surgery due to cost constraints; finding that doctor is not "required to be blind to assessing the risks and costs of various treatment options"); *Hamby v. Hammond*, No. 3:14-CV-05065-RBL, 2015 WL 1263253, at *23 (W.D. Wash. Mar. 19, 2015), *aff'd*, 821 F.3d 1085 (9th Cir. 2016) (finding that "complete pain relief is not the standard for establishing deliberate indifference," and that decision to treat residual pain from reducible hernia non-surgically, "where treatment providers conclude surgery is not necessary or recommended," does not violate Eighth Amendment). At this point, however, his Eighth Amendment claim will survive initial review and proceed against the unnamed doctor (who allegedly declined to order surgery, and whose identity Plaintiff will be responsible for ascertaining) and Lt. Youker (who allegedly rejected Plaintiff's grievance over the denial of surgery) in their individual capacity.

The Defendants are also sued in their official capacity. "Official capacity claims are equivalent to claims against a defendant's employer," *Perkins v. Washburn*, No. 3:19-cv-00959, 2020 WL 3972749, at *8 (M.D. Tenn. July 14, 2020) (citing *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that "individuals sued in their official capacities stand in the shoes of the entity they represent")), which in this case appears to be Williamson County. "To plead a claim for municipal liability under § 1983, Plaintiff must plausibly allege that his or her constitutional

rights were violated and that a policy or custom of [the municipality] was the 'moving force' behind the deprivation of Plaintiff's rights." *Okolo v. Metro. Gov't of Nashville*, 892 F. Supp. 2d 931, 941 (M.D. Tenn. 2012) (citing *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir. 2010)). In light of Plaintiff's allegations that he was denied surgery based on the inability or unwillingness of "the jail" or "the county" to pay for hernia surgery (Doc. No. 1 at 7, 12–13), the Court finds, for purposes of initial review, that Williamson County's alleged payment policy is sufficiently implicated to allow the official-capacity claims against its employees to go forward.

With regard to Sheriff Rhoades, the Complaint names him as a Defendant but does not allege his personal involvement with the surgery decision at issue, nor does it otherwise assert any claim against him. Even if the Complaint is liberally construed to assert Sheriff Rhoades's supervisory liability for the violations alleged to have occurred under his watch, supervisory liability requires some sort of active involvement with—rather than a mere failure of action to prevent—unconstitutional behavior that proximately causes injury to the plaintiff. *Crawford v. Tilley*, 15 F.4th 752, 761–62 (6th Cir. 2021). Because Plaintiff does not allege any action at all by Sheriff Rhoades, much less "active unconstitutional conduct," he fails to colorably claim Rhoades's supervisory liability for the deliberate indifference of any subordinate official. *Id.* at 767; *see also Green v. Correct Care Sols.*, No. 3:14-cv-01070, 2014 WL 1806997, at *4 (M.D. Tenn. May 7, 2014) (citing cases) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal as to that defendant, even under the liberal construction afforded to pro se complaints."). Accordingly, Sheriff Rhoades will be dismissed from this action.

## MOTION TO APPOINT COUNSEL

Plaintiff has filed a Motion to Appoint Counsel. (Doc. No. 3.) An indigent plaintiff in a civil action, unlike a criminal defendant, has no constitutional right to the appointment of counsel; rather, the appointment of counsel in such cases is a privilege "justified only in exceptional circumstances." *Miles v. Michigan Dep't of Corr.*, No. 19-2218, 2020 WL 6121438, at *4 (6th Cir. Aug. 20, 2020) (citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003), and *Lavado v. Keohane*, 992 F.2d 601, 606–07 (6th Cir. 1993)). As no such circumstances are yet readily apparent, the Motion to Appoint Counsel will be denied without prejudice to renewal if circumstances warrant after service of process is accomplished.

## CONCLUSION

As described above, Plaintiff's IFP application (Doc. No. 5) is **GRANTED**, and the $350 filing fee is **ASSESSED** against his inmate trust account.

The Court finds that the Complaint states a nonfrivolous Eighth Amendment claim against the unnamed doctor and Lt. Youker. Accordingly, the Clerk is **INSTRUCTED** to send Plaintiff service packets (blank summonses and USM 285 forms) for both of these Defendants.

Because process cannot be served upon unidentified individuals, Plaintiff is put on notice of his obligation to conduct a reasonable investigation or, if necessary, to conduct limited discovery to promptly determine the full name of the doctor he sues. Plaintiff **MUST** identify this Defendant and complete and return his service packet to the Clerk's Office, so that process can be served within 90 days as required by Fed. R. Civ. P. 4(m). Plaintiff **MUST** also file a timely motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his Complaint to correctly name the Defendant he identifies. Plaintiff is warned that failure to comply with these instructions could jeopardize his case against this Defendant.

Upon return of the completed service packets, **PROCESS SHALL ISSUE**.

The Complaint fails to state a claim against Sheriff Rhoades, who is therefore **DISMISSED** from this action.

Plaintiff's Motion to Appoint Counsel (Doc. No. 3) is **DENIED**.

The Court's determination that the Complaint states a colorable claim for purposes of this initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE